

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-07-459-CV

TEXAS DEPARTMENT OF                                    APPELLANT
PUBLIC SAFETY

V.

FRANK RILEY GILFEATHER                                  APPELLEE

------------

### FROM COUNTY COURT AT LAW OF WISE COUNTY

------------

## OPINION ON REHEARING

------------

### I. Introduction

After considering Appellant Texas Department of Public Safety's motion for rehearing en banc, we grant the motion, withdraw our opinion and judgment dated March 5, 2009, and substitute the following.

In one issue, the Department challenges the trial court's reversal of an administrative law judge's ("ALJ") order suspending Appellee Frank Riley

Gilfeather's driver's license.  We reverse the trial court's judgment and render judgment reinstating the ALJ's order.

## II.  Factual and Procedural History

Shortly after midnight on December 12, 2006, Trooper Chris Markin stopped Gilfeather for speeding but let him go with a warning.  In a separate incident approximately five minutes later, Trooper Christopher Petty stopped Gilfeather for driving 68 m.p.h. in a 55 m.p.h. speed zone.[1]

Upon making contact with Gilfeather, Trooper Petty asked him for his driver's license and insurance.  Instead of handing Trooper Petty the requested items, Gilfeather handed him the warning that Trooper Markin had just given him.  While talking to Gilfeather, Trooper Petty noticed an odor of alcohol coming from the vehicle and saw that Gilfeather had red, bloodshot, glassy eyes.  Trooper Petty asked Gilfeather to step out of the vehicle to determine if the odor was coming from Gilfeather or the vehicle.  Gilfeather did not stagger as he stepped out of the car, but Trooper Petty did notice that Gilfeather swayed as he walked and as he stood on the side of the road.  Trooper Petty detected a strong odor of alcohol on Gilfeather's breath and decided to administer field sobriety tests.  Gilfeather refused to participate in the tests.

---

[1] Trooper Petty testified that he used radar equipment to determine Gilfeather's speed.

2

Based on his observations, Trooper Petty arrested Gilfeather for driving while intoxicated. After the arrest, Trooper Petty asked Gilfeather to take a breath test. Gilfeather refused and signed a warning form acknowledging that if he refused the breath test, his license would be suspended for not less than 180 days.

Gilfeather's license was subsequently suspended. Gilfeather requested an administrative hearing to contest the suspension. At the hearing, the Department's evidence consisted of Trooper Petty's offense report and his testimony. Gilfeather testified on his own behalf. After the hearing, the ALJ issued an order sustaining the suspension of Gilfeather's driver's license. Gilfeather appealed the decision to the Wise County Court at Law, which reversed the ALJ's decision. The Department now appeals.

### III. Standard of Review

A review in the county court at law or county court of an administrative license suspension is conducted under the substantial evidence standard of review. *See Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). Under this standard, the reviewing court cannot replace the ALJ's judgment with its own. *See id.*; *R.R. Comm'n of Tex. v. Torch Operating Co.*, 912 S.W.2d 790, 792 (Tex. 1995). If the ALJ's decision is supported by more than a scintilla of evidence, that decision must be upheld. *See Torch Operating*

*Co.*, 912 S.W.2d at 792–93. However, a trial court may reverse an ALJ's determination if a substantial right of the appellant has been prejudiced because the ALJ's findings, inferences, conclusions, or decisions are not reasonably supported by substantial evidence considering the record as a whole. *See* Tex. Gov't Code Ann. § 2001.174(2)(E) (Vernon 2008).

The court of appeals reviews the trial court's substantial evidence review de novo. *Tex. Dep't of Pub. Safety v. Valdez*, 956 S.W.2d 767, 769 (Tex. App.—San Antonio 1997, no pet.). The issue for the reviewing court is not whether the ALJ's decision was correct but only whether the record demonstrates some reasonable basis for the ALJ's decision. *See Tex. Dep't of Pub. Safety v. Fisher*, 56 S.W.3d 159, 162 (Tex. App.—Dallas 2001, no pet.) (citing *Mireles*, 9 S.W.3d at 131). Courts must affirm administrative findings in contested cases if there is more than a scintilla of evidence to support them, even if the findings are against the preponderance of the evidence. *See id.* If the evidence is conflicting, the court must defer to the ALJ's factual findings. *See Brown v. Tex. Dep't of Ins.*, 34 S.W.3d 683, 689 (Tex. App.—Austin 2000, no pet.).

## IV. Discussion

In its sole issue, the Department asserts that the trial court erred in reversing the ALJ's decision to sustain the suspension of Gilfeather's license

4

because there was substantial evidence to support each of the findings required to do so. We agree.

Pursuant to the transportation code, if a person is arrested and the peace officer making the arrest has reasonable grounds to believe that the person is driving while intoxicated, specimens of the person's breath or blood may be taken. *See* Tex. Transp. Code Ann. § 724.012(a)(1) (Vernon Supp. 2008). If the person refuses to submit to the taking of a specimen, the Department shall suspend the person's license to operate a motor vehicle on a public highway for 180 days. *Id.* § 724.035(a)(1) (Vernon Supp. 2008). If a person's license is suspended under this chapter, that person may request a hearing on the suspension. *Id.* § 724.041 (Vernon Supp. 2008). At the hearing, the Department must prove the following:

(1) reasonable suspicion or probable cause existed to stop or arrest the person;

(2) probable cause existed to believe that the person was:

(A) operating a motor vehicle in a public place while intoxicated; . . .

. . . .

(3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and

(4) the person refused to submit to the taking of a specimen on request of the officer.

5

*Id.* § 724.042 (Vernon Supp. 2008).

Here, the undisputed evidence showed that Trooper Petty placed Gilfeather under arrest, that Trooper Petty requested a specimen from Gilfeather, and that Gilfeather refused to give a specimen. Thus, the only two contested issues are (1) whether Trooper Petty had reasonable suspicion or probable cause to stop or arrest Gilfeather and (2) whether Trooper Petty had probable cause to believe that Gilfeather was driving while intoxicated.

### 1. Reasonable Suspicion to Stop Gilfeather

An officer conducts a lawful stop when he has reasonable suspicion to believe that an individual is violating the law. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Id.*; *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). Under this standard, we look to whether an objective basis for the stop existed while considering the totality of the circumstances. *Ford*, 158 S.W.3d at 492–93. An officer may stop a driver if he has reasonable suspicion that a traffic violation was in progress or had been committed. *Fisher*, 56 S.W.3d at 163.

6

After reviewing the administrative record, we conclude that substantial evidence supports the ALJ's reasonable suspicion determination. Specifically, Trooper Petty testified that Gilfeather had been driving 68 m.p.h. in a 55 m.p.h. zone. Trooper Petty further testified that he had used radar equipment to determine Gilfeather's speed. Thus, Trooper Petty had reasonable suspicion to stop Gilfeather for the offense of speeding.[2] *See id.*; *see also* Tex. Transp. Code Ann. § 545.351 (Vernon 1999) (declaring that speeding is a traffic violation for which an officer may lawfully stop and detain a person). Accordingly, the Department satisfied the first contested issue under section 724.042.

## 2.  Probable Cause that Gilfeather was Driving While Intoxicated

Probable cause for a warrantless arrest exists if, at the moment the arrest is made, the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent man as believing that the person arrested had committed or

___

[2] The Department did not have to prove a connection between Trooper Petty stopping Gilfeather for speeding and the arrest of Gilfeather for DWI. *See Tex. Dep't of Pub. Safety v. Torres*, 54 S.W.3d 438, 441 (Tex. App.—Fort Worth 2001, no pet.) (holding that the Department is not required to prove a connection between the reason for the stop and the reason for the person's arrest, and an officer may validly stop a vehicle for one offense and arrest the driver for an unrelated offense).

was committing an offense. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S. Ct. 223, 225 (1964). "An offense is deemed to have occurred within the presence or view of an officer when any of his senses afford him an awareness of its occurrence." *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002). The test for probable cause is an objective one, unrelated to the subjective beliefs of the arresting officer, and it requires a consideration of the totality of the circumstances facing the arresting officer. *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S. Ct. 795, 800 (2003); *Beck*, 379 U.S. at 96–97, 85 S. Ct. at 228. A finding of probable cause requires "more than bare suspicion" but "less than . . . would justify . . . conviction." *Brinegar v. United States*, 338 U.S. 160, 175, 69 S. Ct. 1302, 1310 (1949).

Speeding can indicate impaired mental judgment and, therefore, is a factor to be considered as part of the totality of the circumstances. *See, e.g., Arthur v. State*, 216 S.W.3d 50, 55–56 (Tex. App.—Fort Worth 2007, no pet.); *see also State v. Cullen*, 227 S.W.3d 278, 282 (Tex. App.—San Antonio 2007, pet. ref'd). Bloodshot eyes, an odor of alcohol on a person's breath, and unsteady balance are all classic symptoms of intoxication. *See Cotton v. State*, 686 S.W.2d 140, 142–43 & n.3 (Tex. Crim. App. 1985). Finally, this court and numerous other courts of appeals have held that the refusal to participate in field sobriety tests is a factor to be considered in the totality of the

8

circumstances. *Maxwell v. State*, 253 S.W.3d 309, 314 (Tex. App.—Fort Worth 2008, pet. ref'd); *see Partee v. Tex. Dep't of Pub. Safety*, 249 S.W.3d 495, 501–02 (Tex. App.—Amarillo 2007, no pet.); *Tex. Dep't of Pub. Safety v. Nielsen*, 102 S.W.3d 313, 317 (Tex. App.—Beaumont 2003, no pet.); *see also Lonsdale v. State*, No. 08-05-00139-CR, 2006 WL 2480342, at *3 (Tex. App.—El Paso Aug. 29, 2006, pet. ref'd) (not designated for publication); *Peters v. Tex. Dep't of Pub. Safety*, No. 05-05-00103-CV, 2005 WL 3007783, at *2 (Tex. App.—Dallas Nov. 10, 2005, no pet.) (mem. op., not designated for publication); *Lemay v. Tex. Dep't of Pub. Safety*, No. 04-05-00089-CV, 2005 WL 2755928, at *1 (Tex. App.—San Antonio Oct. 26, 2005, no pet.) (mem. op., not designated for publication).

Here, the evidence showed that Gilfeather had received a warning from Trooper Markin for speeding approximately five minutes prior to Trooper Petty's stop; that Trooper Petty stopped Gilfeather for driving thirteen miles over the speed limit; that Gilfeather had red, bloodshot, glassy eyes; that Gilfeather swayed while walking and while standing on the side of the road; that Gilfeather had a strong odor of alcohol on his breath; and that Gilfeather had refused to participate in any of the field sobriety tests.

Based on the foregoing evidence, as applied to the totality of the circumstances test, we conclude that the ALJ's finding that Trooper Petty had

probable cause to believe that Gilfeather was driving while intoxicated was reasonably supported by substantial evidence. *See State v. Garrett*, 22 S.W.3d 650, 654 (Tex. App.—Austin 2000, no pet.) (finding probable cause to arrest defendant for DWI when officer testified defendant smelled of alcohol, had watery eyes, was unsteady on his feet, and drove illegally); *Reynolds v. State*, 902 S.W.2d 558, 560 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd) (finding probable cause to arrest defendant for DWI when officer testified defendant had slurred speech, bloodshot eyes, breath that smelled of alcohol, and posed a danger to himself and others). Thus, the Department satisfied the second, and final, contested issue under section 724.042.

We therefore conclude that the decision by the ALJ to continue suspension of Gilfeather's license was supported by more than a scintilla of evidence and that there was some reasonable basis in the record for the action taken by the ALJ. *See Mireles*, 9 S.W.3d at 131. Accordingly, we sustain the Department's sole issue.

## V. Conclusion

Having sustained the Department's sole issue, we reverse the trial court's judgment and render judgment reinstating the ALJ's order.

BOB MCCOY
JUSTICE

EN BANC

DAUPHINOT, J. filed a dissenting opinion.

WALKER, J. concurs without opinion.

DELIVERED: August 6, 2009

11



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-07-459-CV**

TEXAS DEPARTMENT OF                                          APPELLANT
PUBLIC SAFETY

V.

FRANK RILEY GILFEATHER                                          APPELLEE

------------

FROM COUNTY COURT AT LAW OF WISE COUNTY

------------

## DISSENTING OPINION ON REHEARING

------------

I must respectfully dissent from the majority opinion's holding that the refusal to participate in field sobriety tests is damning evidence that we must consider in performing a de novo substantial evidence review of an ALJ's decision on probable cause. That is, I cannot agree that an absence of evidence must perforce constitute evidence of guilt. Does a person who refuses to give a statement to the police or to be interviewed by the police do

so only because to provide a statement or an interview would reveal his guilt, and, on appeal, must we then treat the absence of a statement or an interview as evidence of guilt?

Suppose a person refuses to consent to a search of his vehicle, his home, his office, or his person. Suppose he refuses to consent to a search of a home, vehicle, or office he shares with someone else. Suppose a person refuses to voluntarily provide a voice exemplar, or hair follicles, or a blood sample, or a handwriting sample. Suppose a person refuses to allow his child to be interviewed. Is this evidence of his guilt?

The law clearly provides that a person may refuse to participate in any interview by the police or, having begun to participate, may terminate the interview at any point.[1] This is true whether a person is or is not in custody. How, then, can we say that if a person invokes his right not to speak with the police and not to perform demonstrations for the police, we must consider this decision as evidence of guilt?

Even the statute that permits the trier of fact to consider the refusal to submit to a breath test, under the implied consent rule, does not mandate that

---

[1] Tex. Code Crim. Proc. Ann. art. 38.22, § 2(a) (Vernon 2005); *see Miranda v. Arizona*, 384 U.S. 436, 445, 86 S. Ct. 1602, 1612 (1966).

the refusal be considered as evidence of guilt.[2] As the Texas Court of Criminal Appeals has explained,

> [A]lthough Section 724.061 of the Texas Transportation Code expressly allows the court to admit the evidence of a defendant's refusal to take a breath test, there is no statutory language that directs the jury to attach any special weight or significance to such evidence. That the statute expressly makes the evidence admissible does not, by itself, also authorize the trial court to single it out for the jury's particular attention. . . .
>
> Nor does Texas law anywhere establish any presumption that arises in a DWI case from the defendant's refusal to take a breath test. Evidence of the appellant's refusal to submit to a breath test is relevant for precisely the reason that the trial court identified in the contested jury instruction, namely, that it tends to show a consciousness of guilt on his part. But Section 724.061 of the Transportation Code does not establish a legally recognized presumption of consciousness of guilt that follows from the fact of refusal. We are aware of no other statutory language that expressly authorizes the jury to presume a consciousness of guilt from the refusal to take a breath test. In the absence of such a legal presumption, it is improper for the trial court to instruct the jury with respect to inferences that may or may not be drawn from evidentiary facts to ultimate or elemental facts.[3]

Clearly, the officer's questioning of Gilfeather at the side of the road was an interview, and even an interrogation. Unquestionably, Gilfeather was not free to leave. At no time did the officer provide any of the warnings mandated by state or federal law. Gilfeather declined to participate in field sobriety tests

---

[2] *See* Tex. Transp. Code Ann. § 724.061 (Vernon 1999).

[3] *Bartlett v. State*, 270 S.W.3d 147, 152–53 (Tex. Crim. App. 2008) (citations omitted).

3

because his father, a lawyer and a judge, had advised him not to participate in them. The majority holds that we must consider this decision not as evidence that Gilfeather was thinking clearly enough to very politely explain his father's advice and to follow it but as evidence of intoxication.

Evidence of a person's refusal to submit to a breath test is deemed admissible by statute under the implied consent provision.[4] Nowhere has the legislature provided implied consent to participate in field sobriety tests. Evidence that Gilfeather declined to participate in field sobriety tests is simply evidence that he declined to participate in field sobriety tests. It is not evidence of his ability or inability to perform such field sobriety tests.

I cannot agree with the majority's mandate that we must consider the absence of evidence as evidence of guilt. I would hold that Gilfeather's decision not to participate in that portion of the interview was a decision to decline to participate in that portion of the interview. I cannot, as does the majority, say that we must consider his declining the officer's request to perform on the side of the road as evidence of guilt. I therefore must respectfully dissent.

LEE ANN DAUPHINOT<br>
JUSTICE

DELIVERED: August 6, 2009

---

[4] *See* Tex. Transp. Code Ann. § 724.061.

4