NO. 07-10-0310-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



MAY
10, 2011

 



 

RUDY GONZALES,  

 

                                                                                         Appellant



v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 181ST DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 20,940-B; HONORABLE JOHN B. BOARD,
PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Rudy
Gonzales was convicted of the felony offense of driving while intoxicated.  He contends the trial court erred 1) in
failing to grant his motion to suppress because he was detained without
reasonable suspicion and arrested without probable cause, and 2) in refusing to
sustain his objection to the State’s reference to his right to remain
silent.  We affirm the judgment. 

            

Motion to Suppress

            We review
the trial court’s ruling on a motion to suppress under the standard discussed
in Ford v. State,158 S.W.3d 488 (Tex.
Crim. App. 2005). In doing so, we defer to the trial court’s resolution of
historical fact but review de novo
its interpretation of the law.  Id. at 493.  

            While
appellant does not challenge his detention for speeding, he does challenge his
detention and subsequent warrantless arrest for driving while intoxicated. A
detention for a traffic stop must cease once the purpose of the stop has been
fulfilled; however, this is not so when information learned by a police officer
during the course of the stop provides him with reasonable suspicion that
another offense has been or is being committed. 
Sieffert v. State, 290 S.W.3d
478, 483 (Tex. App.–Amarillo 2009, no pet.). 


            Here, Officer
Dennis Brassfield observed appellant traveling 71 m.p.h. in a 50 m.p.h.
zone.  This provided him both reasonable
suspicion and probable cause to make the initial traffic stop for speeding.  Upon approaching appellant and his car, the
officer observed appellant’s slurred speech, glassy and bloodshot eyes, and smell
of alcohol.  Four unopened cans of beer were
also noticed in the back seat of his car. 
Thereafter, appellant was asked to accompany the officer to the squad
car and sit in it while he drafted the speeding ticket.  During this period, the officer continued to
smell alcohol coming from appellant.  These
facts were sufficient to give rise to reasonable suspicion that appellant had
been driving while intoxicated.  State v. Priddy, 321 S.W.3d 82, 88 (Tex.
App.–Fort Worth 2010, pet. ref’d) (holding there was reasonable suspicion to
detain the driver for investigation of driving while intoxicated when the officer
smelled alcohol coming from the vehicle and saw the driver’s bloodshot and
glazed eyes);  Perales v. State, 117 S.W.3d 434, 439 (Tex. App.–Corpus Christi
2003, pet. ref’d) (finding reasonable suspicion to detain when the officer
stopped the defendant for speeding, saw that the defendant’s eyes were red, smelled
a strong odor of alcohol coming from the car and on Perales’ breath, and noticed
a beer bottle in plain view behind the seat). 


Appellant denied that he had been drinking despite
the continuing odor of alcohol on him. 
So too did he refuse to participate in horizontal gaze nystagmus, field
sobriety, and portable breath testing. 
At that point, the officer arrested him for driving while
intoxicated.  To have probable cause for
a warrantless arrest, an officer must have facts and circumstances within his
knowledge from reasonably trustworthy sources which are sufficient to warrant a
prudent man to believe the arrested person has committed or is committing an
offense.  State v. Woodard, No. PD-0828-10, 2011 Tex. Crim. App. Lexis 447, at *14-15 (Tex. Crim. App.
April 6, 2011).  And, when assessing whether
that standard was met, we can consider not only the smell of alcohol, slurred
speech, and glassy eyes witnessed by the officer, Cotton v. State, 686 S.W.2d 140, 142-43 n.3 (Tex.
Crim. App. 1985) (noting that bloodshot eyes, slurred speech, and the odor of
alcohol are symptoms of intoxication), but also
the fact of appellant’s speeding.  Tex. Dep’t of Pub. Safety v. Gilfeather, 293 S.W.3d 875,
880 (Tex. App.–Fort Worth 2009, no pet.) (wherein the court
stated that speeding can be a sign of impaired judgment and is a factor to be
weighted when determining if the officer had probable cause to believe the
arrestee was driving while intoxicated); see
also State v. Cullen, 227 S.W.3d 278, 282 (Tex. App.–San Antonio 2007, pet.
ref’d) (recognizing the appellant’s excessive speed
as a pertinent indicia).  Another relevant
factor is appellant’s refusal to take the field sobriety tests.  Tex. Dep’t Pub. Safety
v. Gilfeather, 293 S.W.3d at 880; Maxwell v. State, 253 S.W.3d 309, 314
(Tex. App.–Fort Worth 2008, pet. ref’d); see also Partee v.
Tex. Dep’t of Pub. Safety, 249
S.W.3d 495, 502 (Tex. App.–Amarillo 2007, no pet.).  These elements, combined with appellant’s
denial that he had been drinking and the presence of beer in his vehicle, provided
probable cause for the arrest.  Tex. Dep’t of Pub. Safety v. Gilfeather,
293 S.W.3d at 880-81.  So, we overrule appellant’s first issue. 

Reference to Right to Remain Silent 

Next, appellant questioned the officer, during trial, about whether
reasons besides intoxication could cause a person to be speeding.  And various were offered by appellant, which
reasons included inattention and defective equipment in the vehicle.  After those particular questions were asked
and answered, the State queried whether appellant had offered any explanations to
the officer.  The latter said “no,” and appellant
objected on the ground that the question was a comment on appellant’s right to
remain silent which he had invoked after his arrest.  The trial court overruled the objection, and
in doing so, the trial court allegedly erred. 
We overrule the issue. 

When the State comments on a defendant's post-arrest
silence, it violates the Fifth Amendment prohibition against self-incrimination.
Doyle
v. Ohio,
426 U.S. 610, 617-618, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); Lighteard v. State, No. 04-09-00022-CR, 2010 Tex.
App. Lexis 3558, at *10-11 (Tex.
App.–San Antonio May 12, 2010, no pet.) (not
designated for publication).  Commenting on a defendant's post-arrest silence is akin to commenting on his failure
to testify at trial
because it attempts to raise an inference of guilt arising from the invocation of a constitutional right.  Dinkins v. State, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995); Lighteard v. State, 2010 Tex. App. Lexis 3558, at *10.  To determine whether such a comment was made,
we view the language from the jury's standpoint and the context in which the
comment was made and decide whether the jury would necessarily and naturally
take it as a comment on the defendant's right to remain silent. See Bustamante v. State, 48 S.W.3d 761, 765
(Tex. Crim. App. 2001) (setting out the test for whether the State commented on
defendant's failure to testify).

The purportedly objectionable question and answer
here came after appellant vigorously cross-examined the witness.  Furthermore, appellant was proffering other
potential explanations for his speeding and was meeting with success in having
the arresting officer acknowledge their potential applicability.  In response, the State queried of the officer
whether any of those explanations were offered by appellant to explain his
speeding.  The answer given, i.e. “no,” could reasonably be viewed as
debunking the likelihood that appellant was speeding for reasons unrelated to
intoxication.  So too must it be
remembered that the officer did not initially stop appellant for driving while intoxicated
but rather for speeding.  And, while legally
detained for that infraction and long before being arrested for DWI, appellant
had ample opportunity to dissuade the officer from ticketing him for driving
too fast by attempting to justify his conduct, but he did not.  See Rosas v. State, 76 S.W.3d 771, 776 (Tex. App.–Houston
[1st Dist.] 2002, no pet.) (noting that
pre-arrest silence is admissible as substantive evidence of guilt).  Given this context, trial courts could
reasonably debate and disagree about whether a jury would necessarily and
naturally view the question and answer at bar as a comment on appellant’s right
against self-incrimination.  Lighteard v. State, 2010 Tex. App. Lexis 3558, at *11-12 (noting that the
question was propounded after Lighteard had
vigorously cross-examined the detective about several perceived deficiencies in
the investigation, including the failure to analyze the gunshot residue test
conducted on the victim, a report by the first offcer
to respond to the scene that was lost, the failure to recover the shotgun and
another pistol witnesses asserted were present at the shooting, and the failure
to recover any physical evidence such as spent shell casings from those weapons
and finding, in this context, the question – “Did Roderick Lightheard
tell you where the gun was?” – was not of such a character that the jury would
necessarily and naturally take it as a comment on Lighteard’s
exercise of his right to remain silent).  And, because of that, we cannot say
that the decision to overrule the objection constituted an abuse of discretion.
 See
Young v. State, 283 S.W.3d 854, 874 (Tex. Crim. App. 2009), cert. denied, __ U.S. __, 130 S.Ct. 1015, 175 L.Ed.2d 622 (2009) (stating that a court
abuses its discretion when its decision falls outside the zone of reasonable
disagreement).

Accordingly, the judgment of the trial court is affirmed.

 

                                                                        Brian
Quinn 

                                                                        Chief
Justice   

Do
not publish.