NO. 07-10-0310-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 10, 2011

_____

RUDY GONZALES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 20,940-B; HONORABLE JOHN B. BOARD, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Rudy Gonzales was convicted of the felony offense of driving while intoxicated. He contends the trial court erred 1) in failing to grant his motion to suppress because he was detained without reasonable suspicion and arrested without probable cause, and 2) in refusing to sustain his objection to the State's reference to his right to remain silent. We affirm the judgment.

*Motion to Suppress*

We review the trial court's ruling on a motion to suppress under the standard discussed in *Ford v. State,*158 S.W.3d 488 (Tex. Crim. App. 2005). In doing so, we defer to the trial court's resolution of historical fact but review *de novo* its interpretation of the law. *Id.* at 493.

While appellant does not challenge his detention for speeding, he does challenge his detention and subsequent warrantless arrest for driving while intoxicated. A detention for a traffic stop must cease once the purpose of the stop has been fulfilled; however, this is not so when information learned by a police officer during the course of the stop provides him with reasonable suspicion that another offense has been or is being committed. *Sieffert v. State,* 290 S.W.3d 478, 483 (Tex. App.–Amarillo 2009, no pet.).

Here, Officer Dennis Brassfield observed appellant traveling 71 m.p.h. in a 50 m.p.h. zone. This provided him both reasonable suspicion and probable cause to make the initial traffic stop for speeding. Upon approaching appellant and his car, the officer observed appellant's slurred speech, glassy and bloodshot eyes, and smell of alcohol. Four unopened cans of beer were also noticed in the back seat of his car. Thereafter, appellant was asked to accompany the officer to the squad car and sit in it while he drafted the speeding ticket. During this period, the officer continued to smell alcohol coming from appellant. These facts were sufficient to give rise to reasonable suspicion that appellant had been driving while intoxicated. *State v. Priddy,* 321 S.W.3d 82, 88 (Tex. App.–Fort Worth 2010, pet. ref'd) (holding there was reasonable suspicion to detain the driver for investigation of driving while intoxicated when the officer smelled

2

alcohol coming from the vehicle and saw the driver's bloodshot and glazed eyes); *Perales v. State,* 117 S.W.3d 434, 439 (Tex. App.–Corpus Christi 2003, pet. ref'd) (finding reasonable suspicion to detain when the officer stopped the defendant for speeding, saw that the defendant's eyes were red, smelled a strong odor of alcohol coming from the car and on Perales' breath, and noticed a beer bottle in plain view behind the seat).

Appellant denied that he had been drinking despite the continuing odor of alcohol on him. So too did he refuse to participate in horizontal gaze nystagmus, field sobriety, and portable breath testing. At that point, the officer arrested him for driving while intoxicated. To have probable cause for a warrantless arrest, an officer must have facts and circumstances within his knowledge from reasonably trustworthy sources which are sufficient to warrant a prudent man to believe the arrested person has committed or is committing an offense. *State v. Woodard,* No. PD-0828-10, 2011 Tex. Crim. App. LEXIS 447, at *14-15 (Tex. Crim. App. April 6, 2011). And, when assessing whether that standard was met, we can consider not only the smell of alcohol, slurred speech, and glassy eyes witnessed by the officer, *Cotton v. State,* 686 S.W.2d 140, 142-43 n.3 (Tex. Crim. App. 1985) (noting that bloodshot eyes, slurred speech, and the odor of alcohol are symptoms of intoxication), but also the fact of appellant's speeding. *Tex. Dep't of Pub. Safety v. Gilfeather,* 293 S.W.3d 875, 880 (Tex. App.–Fort Worth 2009, no pet.) (wherein the court stated that speeding can be a sign of impaired judgment and is a factor to be weighted when determining if the officer had probable cause to believe the arrestee was driving while intoxicated); *see also State v. Cullen,* 227 S.W.3d 278, 282 (Tex. App.–San Antonio 2007, pet. ref'd) (recognizing the appellant's excessive speed

3

as a pertinent indicia). Another relevant factor is appellant's refusal to take the field sobriety tests. *Tex. Dep't Pub. Safety v. Gilfeather*, 293 S.W.3d at 880; *Maxwell v. State,* 253 S.W.3d 309, 314 (Tex. App.–Fort Worth 2008, pet. ref'd); *see also Partee v. Tex. Dep't of Pub. Safety,* 249 S.W.3d 495, 502 (Tex. App.–Amarillo 2007, no pet.). These elements, combined with appellant's denial that he had been drinking and the presence of beer in his vehicle, provided probable cause for the arrest. *Tex. Dep't of Pub. Safety v. Gilfeather,* 293 S.W.3d at 880-81. So, we overrule appellant's first issue.

*Reference to Right to Remain Silent*

Next, appellant questioned the officer, during trial, about whether reasons besides intoxication could cause a person to be speeding. And various were offered by appellant, which reasons included inattention and defective equipment in the vehicle. After those particular questions were asked and answered, the State queried whether appellant had offered any explanations to the officer. The latter said "no," and appellant objected on the ground that the question was a comment on appellant's right to remain silent which he had invoked after his arrest. The trial court overruled the objection, and in doing so, the trial court allegedly erred. We overrule the issue.

When the State comments on a defendant's post-arrest silence, it violates the Fifth Amendment prohibition against self-incrimination. *Doyle v. Ohio*, 426 U.S. 610, 617-618, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *Lighteard v. State*, No. 04-09-00022-CR, 2010 Tex. App. LEXIS 3558, at *10-11 (Tex. App.–San Antonio May 12, 2010, no pet.) (not designated for publication). Commenting on a defendant's post-arrest silence is akin to commenting on his failure to testify at trial because it attempts to raise an inference of guilt arising from the invocation of a constitutional right. *Dinkins v. State*,

4

894 S.W.2d 330, 356 (Tex. Crim. App. 1995); *Lighteard v. State,* 2010 Tex. App. LEXIS 3558, at *10. To determine whether such a comment was made, we view the language from the jury's standpoint and the context in which the comment was made and decide whether the jury would necessarily and naturally take it as a comment on the defendant's right to remain silent. *See Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001) (setting out the test for whether the State commented on defendant's failure to testify).

The purportedly objectionable question and answer here came after appellant vigorously cross-examined the witness. Furthermore, appellant was proffering other potential explanations for his speeding and was meeting with success in having the arresting officer acknowledge their potential applicability. In response, the State queried of the officer whether any of those explanations were offered by appellant to explain his speeding. The answer given, *i.e.* "no," could reasonably be viewed as debunking the likelihood that appellant was speeding for reasons unrelated to intoxication. So too must it be remembered that the officer did not initially stop appellant for driving while intoxicated but rather for speeding. And, while legally detained for that infraction and long before being arrested for DWI, appellant had ample opportunity to dissuade the officer from ticketing him for driving too fast by attempting to justify his conduct, but he did not. *See Rosas v. State,* 76 S.W.3d 771, 776 (Tex. App.–Houston [1st Dist.] 2002, no pet.) (noting that pre-arrest silence is admissible as substantive evidence of guilt). Given this context, trial courts could reasonably debate and disagree about whether a jury would necessarily and naturally view the question and answer at bar as a comment on appellant's right against self-incrimination. *Lighteard v. State,* 2010 Tex. App. LEXIS

5

3558, at *11-12 (noting that the question was propounded after Lighteard had vigorously cross-examined the detective about several perceived deficiencies in the investigation, including the failure to analyze the gunshot residue test conducted on the victim, a report by the first offcer to respond to the scene that was lost, the failure to recover the shotgun and another pistol witnesses asserted were present at the shooting, and the failure to recover any physical evidence such as spent shell casings from those weapons and finding, in this context, the question – "Did Roderick Lightheard tell you where the gun was?" – was not of such a character that the jury would necessarily and naturally take it as a comment on Lighteard's exercise of his right to remain silent). And, because of that, we cannot say that the decision to overrule the objection constituted an abuse of discretion. *See Young v. State,* 283 S.W.3d 854, 874 (Tex. Crim. App. 2009), *cert. denied,* __ U.S. __, 130 S.Ct. 1015, 175 L.Ed.2d 622 (2009) (stating that a court abuses its discretion when its decision falls outside the zone of reasonable disagreement).

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Chief Justice

Do not publish.

6