NUMBER 13-10-00061-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

JEFFERY WAYNE MARKERT,                                                   Appellant,

                                                                             

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

                                                                                                                             

 

On appeal from the 156th District Court

of Bee County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Garza 

 

            A jury convicted
appellant, Jeffery Wayne Markert, of the felony offense of driving while
intoxicated, see Tex. Penal Code
Ann. § 49.04 (West 2003), § 49.09(b)(2)
(West Supp. 2010), enhanced by a prior felony conviction to a second-degree
felony, see id. § 12.42(a)(3) (West Supp. 2010).  The
trial court sentenced him to twelve years’ imprisonment in the Texas Department
of Criminal Justice—Institutional Division.  See id. § 12.33 (West Supp.
2010).  By one issue, appellant challenges the court’s denial of his motion to
suppress all evidence seized as a result of his arrest.  Specifically,
appellant contends there was insufficient probable cause to support (1) the
initial stop of his vehicle and (2) his subsequent arrest.  We affirm. 

I.             
Background

      The
only witness at the suppression hearing was the arresting officer, Brandon
Burdick, a deputy with the Bee County Sheriff’s Department.  Viewed in the
light most favorable to the trial court’s ruling, see Valtierra v. State,
310 S.W.3d 442, 447 (Tex. Crim. App. 2010), Deputy Burdick’s testimony established
the following facts: 

            On
March 14, 2009, at around 12:40 a.m., Deputy Burdick was patrolling northbound
on St. Mary’s Street in Beeville, Texas.  As he approached the intersection at
Charco Road, he observed a vehicle pointed southbound on St. Mary’s Street stopped
in the middle of the intersection.  Although Deputy Burdick could not see the
traffic signal for the southbound traffic, he assumed the light was green
because the light was green for the northbound traffic on St. Mary’s Street.  Deputy
Burdick continued through the intersection, made a U-turn, activated his
lights, pulled behind the vehicle, and used his speaker to instruct the
driver—later identified as appellant—to pull over to the right of the roadway. 
As Deputy Burdick approached the open driver’s side window, he detected a
strong odor of an alcoholic beverage.  Deputy Burdick smelled alcohol on
appellant’s breath and observed that his eyes were glassy and bloodshot.  As
appellant complied with the deputy’s request that he exit the vehicle, Deputy
Burdick noticed that appellant’s balance was unsteady and he was “staggering.” 
Deputy Burdick requested that appellant perform field sobriety tests, but appellant
refused to cooperate.  Based on the odor of alcohol, appellant’s glassy eyes
and slurred speech, and the fact that he was stopped in the middle of an
intersection on a green light, Deputy Burdick concluded that appellant was
intoxicated and arrested him for driving while intoxicated.  A search of
appellant’s vehicle revealed a mixed drink that smelled of alcohol.  State’s
Exhibit One, a video recording of the traffic stop and appellant’s arrest, was
admitted in evidence and played at the suppression hearing.[1] 


            On
cross-examination, Deputy Burdick admitted that initially, he assumed the
southbound traffic signal was green because it was green for northbound
traffic.  However, after he turned around and pulled behind appellant’s
vehicle, he confirmed that the light was green.  Deputy Burdick stated that
appellant had committed a traffic violation by stopping or parking his vehicle
in an intersection.

            The trial
court denied appellant’s motion to suppress.[2] 
Appellant was tried and convicted, and this appeal followed.

II.           
Standard of Review and Applicable Law

            Whether
the trial court properly denied a defendant's motion to suppress is reviewed
under a bifurcated standard of review.  Valtierra, 310 S.W.3d at 447; St.
George v. State, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007).  We give
almost total deference to the trial court's determination of historical facts
and review de novo the trial court's application of law to facts not turning on
credibility and demeanor.  Valtierra, 310 S.W.3d at 447; Scardino v. State,
294 S.W.3d 401, 405 (Tex. App.—Corpus Christi 2009, no pet.).  When, as in this
case, the trial court makes no explicit findings of historical fact, the
evidence must be viewed in the light most favorable to the trial court's
ruling.  Valtierra, 310 S.W.3d at 447.  We must uphold the trial court's
ruling if it is supported by the record and correct under any theory of law
applicable to the case, even if the trial court gave the wrong reason for its
ruling.  Id. at 447–48.

The Fourth Amendment is not a
guarantee against all searches and seizures, but only against unreasonable
searches and seizures.  For Fourth Amendment purposes, a traffic stop is a
seizure and must be reasonable to be lawful.  A traffic stop is reasonable if
the police officer was justified in making the stop and his actions during the
stop were confined in length and scope to that necessary to fulfill the purpose
of the stop.  In other words, an officer may initiate a traffic stop if he has
a reasonable basis for suspecting that a person has committed a traffic
violation. 

 

Vasquez v. State, 324 S.W.3d 912, 919
(Tex. App.—Houston [14th Dist.] 2010, pet. ref’d) (citations omitted).  Once an
officer concludes the investigation of the conduct that initiated the traffic
stop, he may continue to detain a person if he has reasonable suspicion to
believe another offense has been or is being committed.  Id.  “Reasonable
suspicion exists if the officer has specific, articulable facts that, when
combined with rational inferences from those facts, would lead him to
reasonably conclude that a particular person actually is, has been, or soon
will be engaged in criminal activity.”  Ford v. State, 158 S.W.3d 488,
492 (Tex. Crim. App. 2005) (citing Garcia v. State, 43 S.W.3d 527, 530
(Tex. Crim. App. 2001)).  The determination of reasonable suspicion is made by
considering the totality of the circumstances.  Id. at 492–93; Vasquez,
324 S.W.3d at 919.  

 

III.          
Discussion

A.  Probable Cause
for Initial Stop 

            Appellant
contends that the trial court erred in denying his motion to suppress evidence
because “Deputy Burdick lacked a reasonable suspicion to initiate a traffic
stop and detain [him].”  We disagree.  

            Section 545.302(3) of the transportation code
provides that an operator may not stop, stand, or park a vehicle in an
intersection.  See Tex. Transp.
Code Ann. § 545.302(3) (West Supp. 2010).  Deputy Burdick testified
that:  (1) he observed appellant’s vehicle stopped at a green light near the
middle of an intersection; and (2) stopping or parking a vehicle in an
intersection is a traffic violation.  We conclude that this evidence
establishes that Officer Burdick had a reasonable basis for suspecting that
appellant was committing a traffic violation.  See Vasquez, 324 S.W.3d
at 919; see also Hicks v. State, 255 S.W.3d 351, 354 (Tex.
App.—Texarkana 2008, no pet.) (holding that officer’s statement that he saw
vehicle stopped in intersection in violation of section 545.302(a)(3) of
transportation code was unequivocal statement that violation of law was
occurring).  Thus, we conclude that Officer Burdick lawfully stopped appellant
for a traffic violation after observing appellant’s vehicle stopped in an
intersection.  See Vasquez, 324 S.W.3d at 919.  After Officer Burdick
smelled alcohol on appellant’s breath and observed his glassy eyes and slurred
speech, his detention of appellant was justified because he had reasonable
suspicion to believe that another offense—driving while intoxicated—had been or
was being committed.  See id. at 919–20.  

 

 

B.  Probable Cause to
Arrest

            Appellant
also contends that there was insufficient probable cause to support his
arrest.  “Probable cause for a warrantless arrest exists if, at the moment the
arrest is made, the facts and circumstances within the arresting officer’s
knowledge and of which he has reasonably trustworthy information are sufficient
to warrant a prudent man as believing that the person arrested had committed or
was committing an offense.”  Tex. Dep’t of Pub. Safety v. Gilfeather,
293 S.W.3d 875, 880 (Tex. App.—Fort Worth 2009, no pet.) (en banc, op. on
reh'g) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)).  “‘An offense is
deemed to have occurred within the presence or view of an officer when any of
his senses afford him an awareness of its occurrence.’”  Id.  (quoting State
v. Steelman, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002)). 

            Deputy
Burdick observed:  (1) a strong odor of alcohol on appellant’s breath; (2)
appellant’s eyes were glassy and bloodshot and his speech was slurred; (3)
appellant was staggering and could not maintain his balance; (4) an open
alcoholic beverage was found in the vehicle; and (5) when asked to perform
field sobriety tests, appellant refused to cooperate.  Based on the totality of
the evidence presented, we conclude that the signs of intoxication observed by
Deputy Burdick were sufficient to establish probable cause to arrest
appellant.  See Learning v. State, 227 S.W.3d 245, 249 (Tex. App.—San
Antonio 2007, no pet.) (holding officer had probable cause to arrest defendant
for driving while intoxicated where officer observed defendant swerve into
adjacent lane, smelled alcohol on defendant’s breath, and defendant admitted he
had been drinking) (citing Dyar v. State, 125 S.W.3d 460, 464 (Tex.
Crim. App. 2003) (finding probable cause to arrest where driver admitted
drinking and officer smelled alcohol and observed slurred speech,
unintelligible answers, and red, glassy eyes); Espericueta v. State, 838
S.W.2d 880, 881, 883 (Tex. App.—Corpus Christi 1992, no writ) (finding probable
cause to arrest where officer smelled alcohol and driver admitted drinking and
failed sobriety test)); see also Hogan v. State, 329 S.W.3d 90, 96 (Tex.
App.—Fort Worth 2010, no pet.) (holding where appellant recklessly drove
vehicle, had “strong odor” of alcohol, “bloodshot, watery[,] and heavy eyes,” a
swayed and unsteady balance, and a staggered walk, and refused to provide a
breath specimen, facts were sufficient to show probable cause that appellant
committed DWI); Gilfeather, 293 S.W.3d at 880–81 (holding there was
substantial evidence to show probable cause for DWI when appellee was stopped
for speeding, had bloodshot eyes, swayed, smelled like alcohol, and refused to
participate in field sobriety tests).

IV.         
Conclusion

Viewing the evidence
in the light most favorable to the trial court’s ruling, see Valtierra,
310 S.W.3d at 447, we conclude that the record supports the trial court’s
denial of appellant's motion to suppress evidence.  We overrule appellant’s
sole issue and affirm the trial court’s judgment. 

            

                                                                        

                                                                                                

DORI
CONTRERAS GARZA

                                                                                                Justice

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered and
filed the 

21st day of July,
2011.

 









[1]
We have reviewed the video recording of the stop.  However, the video does not
clearly show appellant’s vehicle stopped in the intersection.  The video does
show appellant’s vehicle pulling over after Deputy Burdick activated his lights
and the events that followed.

 





[2]
The court granted the motion to suppress certain statements concerning
appellant’s prior arrests made by the dispatcher which were audible on the
video recording; however, the court found that there was probable cause for the
initial stop and the arrest.