

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00020-CV

STEVEN FRANK BARNES                                    APPELLANT

V.

TEXAS DEPARTMENT OF PUBLIC                              APPELLEE
SAFETY

----------

## FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In one point, appellant Steven Frank Barnes appeals the trial court's order affirming an administrative law judge's (ALJ's) decision that suspended his driver's license for 180 days. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background Facts

According to written reports that the ALJ admitted without objection, one early morning in August 2012, Officer Matthew Bender was traveling on an interstate highway when he saw appellant driving in the center lane while going forty-three miles per hour in a posted sixty miles-per-hour zone. Appellant increased his speed to fifty-eight miles per hour, decreased his speed again, and swerved within "the center lane and slightly . . . into the left and right lanes" multiple times. Officer Bender pulled appellant over.

Upon getting out of his car, appellant sweated heavily, smelled like alcohol, and gave evasive answers to Officer Bender's questions. Appellant refused to perform standardized field sobriety tests or to provide a sample of his breath or blood for testing, despite being warned that his driver's license could be suspended for refusing to do so.

After a hearing that appellant requested, the ALJ issued a written decision suspending appellant's driving privileges for 180 days.[2] In the decision, the ALJ found that reasonable suspicion had existed for Officer Bender's stop of appellant's car and that after being arrested, appellant had refused to provide a specimen of his breath or blood.

---

[2]*See* Tex. Transp. Code Ann. §§ 724.035(a)(1), .041–.043 (West 2011).

In appealing the ALJ's decision to the trial court,[3] appellant argued that Officer Bender had not had reasonable suspicion to stop appellant's car based on his fluctuating speed and his weaving inside and outside his traffic lane. Appellant argued that the Department of Public Safety (the Department) had not proved a transportation code violation or that Officer Bender had "believed [that appellant] was intoxicated at the point in time he pulled him over." Appellant also contended,

> I know we'd have a different case altogether had the Department called the police officer and [the officer] said ["]I suspected that he was intoxicated so I pulled him over.["] I know it would have been different if [the officer] had put that in his report. . . . I think the problem here is that [he did] not.

After listening to appellant's argument and the Department's response, the trial court affirmed the ALJ's decision. Appellant brought this appeal.[4]

## Reasonable Suspicion

In this court, as in the trial court, appellant contends only that Officer Bender did not have reasonable suspicion to justify stopping appellant while appellant was driving.

If a driver is arrested and the police officer making the arrest has a reasonable basis to believe that the driver is intoxicated, specimens of the

---

[3] *See id.* §§ 524.041(a), .043(a) (West 2013).

[4] *See Tex. Dep't of Pub. Safety v. Barlow*, 48 S.W.3d 174, 176 (Tex. 2001) (holding that courts of appeals have jurisdiction from appeals of county courts' decisions in driver's license suspension cases).

driver's breath or blood may be taken. *See* Tex. Transp. Code Ann. § 724.012(a)(1) (West 2011). If the driver refuses to submit to the taking of a specimen, the Department must suspend the driver's license to operate a motor vehicle on a public highway for 180 days. *Id.* § 724.035(a)(1). If the driver's license is suspended, the driver may request a hearing on the suspension. *Id.* § 724.041(a); *Tex. Dep't of Pub. Safety v. Riley*, No. 02-07-00417-CV, 2008 WL 3185690, at *2 (Tex. App.—Fort Worth Feb. 7, 2008, no pet.) (mem. op.). At the hearing, the Department must prove that, among other facts, reasonable suspicion or probable cause existed to stop or arrest the driver. Tex. Transp. Code Ann. § 724.042(1); *Tex. Dep't of Pub. Safety v. Schleisner*, 343 S.W.3d 292, 295 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

A review in the county court at law or county court of an administrative license suspension is

> conducted under the substantial evidence standard of review. Under this standard, the reviewing court cannot replace the ALJ's judgment with its own. If the ALJ's decision is supported by more than a scintilla of evidence, that decision must be upheld. However, a trial court may reverse an ALJ's determination if a substantial right of the appellant has been prejudiced because the ALJ's findings, inferences, conclusions, or decisions are not reasonably supported by substantial evidence considering the record as a whole.
>
> The court of appeals reviews the trial court's substantial evidence review de novo. The issue for the reviewing court is not whether the ALJ's decision was correct but only whether the record demonstrates some reasonable basis for the ALJ's decision. Courts must affirm administrative findings in contested cases if there is more than a scintilla of evidence to support them, even if the findings are against the preponderance of the evidence. If the evidence is conflicting, the court must defer to the ALJ's factual findings.

4

*Tex. Dep't of Pub. Safety v. Gilfeather*, 293 S.W.3d 875, 878 (Tex. App.—Fort Worth 2009, no pet.) (en banc op. on reh'g) (citations omitted); *see Tex. Dep't of Pub. Safety v. Axt*, 292 S.W.3d 736, 738–39 (Tex. App.—Fort Worth 2009, no pet.) (discussing the substantial evidence standard that county courts must use to review decisions of ALJs); *see also Tex. Dep't of Pub. Safety v. Williams*, 303 S.W.3d 356, 358 (Tex. App.—El Paso 2009, no pet.) ("The burden for overturning an agency ruling is formidable.").

As we stated in *Gilfeather*,

> An officer conducts a lawful stop when he has reasonable suspicion to believe that an individual is violating the law. Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. Under this standard, we look to whether an objective basis for the stop existed while considering the totality of the circumstances.

293 S.W.3d at 879 (citations omitted); *see Axt*, 292 S.W.3d at 739 (noting that the reasonable suspicion standard "disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists"); *see also Fernandez v. State*, 306 S.W.3d 354, 357 (Tex. App.—Fort Worth 2010, no pet.) (explaining that the "fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action"); *State v. Patterson*, 291 S.W.3d 121, 123 (Tex. App.—Amarillo 2009, no pet.) ("[T]he subjective

reasons uttered by the officer to legitimize the stop have no bearing on the outcome if the totality of the circumstances nonetheless would lead a police officer to reasonably suspect that crime is afoot.").

The determinative question that the trial court resolved and that we must answer is simply put: Did appellant's fluctuating speed and his swerving within and outside of his lane multiple times produce an objectively reasonable basis for a belief that appellant was driving while intoxicated and therefore authorize Officer Bender's stop of appellant?[5] The answer, according to decisions from our court and other courts, is yes.

For example, in *State v. Arend*, the driver, early in the morning, had slowly weaved within his lane several times over the course of approximately a minute and had come within about a foot of another vehicle but had not fluctuated his speed. No. 02-03-00336-CR, 2005 WL 994710, at *1, 4 (Tex. App.—Fort Worth Apr. 28, 2005, pet. ref'd) (mem. op., not designated for publication). We concluded that these facts provided reasonable suspicion of driving while intoxicated. *Id.* at *4–5. Similarly, in *McQuarters v. State*, the driver, shortly before midnight, had traveled at a slow rate of speed with no cars in the vicinity

---

[5]Appellant argues, in part, that he did not commit an offense under the transportation code. The Department does not rely on a violation of the transportation code to justify Officer Bender's decision to stop appellant; the Department argues only that Officer Bender had reasonable suspicion to believe that appellant was driving while intoxicated. Because we agree with the Department, we decline to address whether the evidence produced objectively reasonable suspicion of a transportation code violation.

and had "cross[ed] the left lane stripe nearest to the center median twice." 58 S.W.3d 250, 253 (Tex. App.—Fort Worth 2001, pet. ref'd). We held that these facts justified a stop based on reasonable suspicion of driving while intoxicated. *Id.* at 255; *see also Walker v. State*, No. 02-04-00336-CR, 2006 WL 349704, at *1, 5 (Tex. App.—Fort Worth Feb. 16, 2006, no pet.) (mem. op., not designated for publication) (holding that reasonable suspicion of driving while intoxicated existed from a driver's crossing the white shoulder line, swerving across yellow center lines, and swerving within his own lane). Other courts have found reasonable suspicion for driving while intoxicated under facts similar to those in *Arend* and *McQuarters*. *See, e.g.*, *State v. Castillo*, No. 13-11-00083-CR, 2012 WL 506533, at *1–3 (Tex. App.—Corpus Christi Feb. 16, 2012, pet. ref'd) (mem. op., not designated for publication); *Held v. State*, 948 S.W.2d 45, 47, 51 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd); *Davis v. State*, 923 S.W.2d 781, 784, 788 (Tex. App.—Beaumont 1996) (op. on reh'g), *rev'd on other grounds*, 947 S.W.2d 240 (Tex. Crim. App. 1997); *Raffaelli v. State*, 881 S.W.2d 714, 716 (Tex. App.—Texarkana 1994, pet. ref'd); *Townsend v. State*, 813 S.W.2d 181, 185 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd).

Based on the cases cited above, we hold that the documents admitted in the administrative hearing provided the ALJ with a reasonable basis to determine that Officer Bender had an objectively reasonable basis for stopping appellant, even if Officer Bender did not express in his reports that he subjectively stopped

7

appellant based on a suspicion of driving while intoxicated.[6] *See Fernandez,* 306 S.W.3d at 357; *Gilfeather*, 293 S.W.3d at 878–79; *see also State v. Duran*, 396 S.W.3d 563, 570 & n.16 (Tex. Crim. App. 2013).   Thus, we hold that the Department adequately demonstrated that Officer Bender's stop of appellant's car was based on reasonable suspicion of criminal activity, and we overrule appellant's only issue.   *See* Tex. Transp. Code Ann. § 724.042(1); *Gilfeather*, 293 S.W.3d at 879.

## Conclusion

Having overruled appellant's only issue, we affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  June 27, 2013

---

[6]Appellant argues that there is no evidence that Officer Bender subjectively believed that appellant's movements indicated possible intoxication.