ACCEPTED
13-15-00091-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
4/23/2015 5:46:40 PM
DORIAN RAMIREZ
CLERK

## No. 13-15-00091-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
4/23/2015 5:46:40 PM
DORIAN E. RAMIREZ
Clerk

IN THE THIRTEENTH COURT OF APPEALS
SITTING IN CORPUS CHRISTI, TEXAS

**TEXAS DEPARTMENT OF PUBLIC SAFETY,**
APPELLANT

**V.**

**ARMANDO CARDENAS,**
APPELLEE

APPEALED FROM COUNTY COURT AT LAW NO. 7
HIDALGO COUNTY, TEXAS

**APPELLANT'S BRIEF**

KEVIN M. GIVENS
Supervising Attorney,
ALR Appellate Section
SBN 00796633
P.O. Box 15327
Austin, Texas 78761-5327
Tel: (512) 424-5193
Fax: (512) 424-5221
Kevin.Givens@dps.texas.gov

ATTORNEY FOR APPELLANT
TEXAS DEP'T OF PUB. SAFETY

ORAL ARGUMENT REQUESTED

No. 13-15-00091-CV

TEXAS DEPARTMENT OF PUBLIC SAFETY,
APPELLANT

V.

ARMANDO CARDENAS,
APPELLEE

**REQUEST FOR ORAL ARGUMENT**

Appellant, Texas Department of Public Safety, believes that oral argument might benefit the Court in this case and respectfully requests that it be granted.

No. 13-15-00091-CV

---

TEXAS DEPARTMENT OF PUBLIC SAFETY,
APPELLANT

V.

ARMANDO CARDENAS,
APPELLEE

---

## IDENTITY OF PARTIES AND COUNSEL

---

Appellant certifies that the following is a complete list of the parties, attorneys, and any other persons who have any interest in the outcome of this lawsuit.

**APPELLANT:**

Texas Department of Public Safety
5805 N. Lamar Blvd.
P.O. Box 15327
Austin, Texas 78761-5327

**COUNSEL FOR APPELLANT:**

Kevin M. Givens
Supervising Attorney,
ALR Appellate Section
SBN 00796633

Texas Department of Public Safety
P.O. Box 15327
Austin, Texas 78761-5327
Tel:   (512) 424-5193
Fax:   (512) 424-5221
Kevin.Givens@dps.texas.gov

Laura Garza
Field Attorney
SBN 24004664

Texas Dep't of Public Safety
2525 N. International Blvd.
Weslaco, Texas 78596
Tel:   (956) 565-7130
Fax:   (956) 565-7133
Laura.Garza@dps.texas.gov

**APPELLEE:**                                          **COUNSEL FOR APPELLEE:**

Armando Cardenas                              Sergio Munoz, Jr.
                                                              24058009
                                                              1110 South Closner
                                                              Edinburg, Texas 78539
                                                              Sergio@sergiomunozjr.com

## TABLE OF CONTENTS

REQUEST FOR ORAL ARGUMENT .............................................................ii

IDENTITY OF PARTIES AND COUNSEL ...................................................iii

TABLE OF CONTENTS.......................................................................... v

INDEX OF AUTHORITIES ................................................................. vii

APPELLANT'S BRIEF................................................................... 1

STATEMENT OF THE CASE ...................................................... 3

ISSUES PRESENTED ................................................................ 4

STATEMENT OF FACTS ............................................................ 5

    *Cardenas's Arrest* ................................................................ 5

    *The Administrative Hearing* ............................................. 6

    *Review by the Trial Court* .................................................. 6

SUMMARY OF THE ARGUMENT ............................................. 7

STANDARD OF REVIEW .......................................................... 8

ISSUE ONE .............................................................................. 10

Deputy Castellano and Trooper Gonzalez filed reports in connection with Cardenas's arrest, as required by law. The reports detailed factual findings of a lawful investigation. The ALJ properly admitted the reports as exceptions to hearsay under rule 803(8) of the Texas Rules of Civil Procedure. Did the trial court err by impliedly ruling that the reports were inadmissible?

ARGUMENT AND AUTHORITY........................................... 10

ISSUE TWO ......................................................................... 14

Cardenas was driving with a defective license plate lamp that was completely out.  After he was stopped, he exhibited numerous indicators of intoxication.  There was reasonable suspicion to stop his car and probable cause to believe he was driving while intoxicated.  Did the trial court err by impliedly ruling that there was not reasonable suspicion or probable cause to stop or arrest Cardenas?

ARGUMENT AND AUTHORITY............................................. 14

*Reasonable Suspicion to Stop Cardenas* ..................................... *15*

*Probable Cause to Believe Cardenas Was Driving While Intoxicated* .... *18*

CONCLUSION...................................................................... 22

PRAYER............................................................................. 23

CERTIFICATE OF COMPLIANCE............................................ 24

CERTIFICATE OF SERVICE .................................................. 24

INDEX OF APPENDICES........................................................ 25

# INDEX OF AUTHORITIES

**CASES**

*Amador v. State*,
275 S.W.3d 872 (Tex. Crim. App. 2009) ................................................. 19

*Blankenbeker v. Tex. Dep't of Pub. Safety*,
990 S.W.2d 813 (Tex. App.—Austin 1999, pet. denied) ........................ 11

*Cotton v. State*,
686 S.W.2d 140 (Tex. Crim. App. 1985) ................................................ 20

*Downer v. Aquamarine Operators, Inc.*,
701 S.W.2d 238 (Tex. 1985) ...................................................................... 9

*Fienen v. State*,
390 S.W.3d 328 (Tex. Crim. App. 2012) .................................................. 9

*Ford v. State*,
26 S.W.3d 669 (Tex. App.—Corpus Christi 2000, no pet.) ..................... 17

*Garcia v. State*,
827 S.W.2d 937 (Tex. Crim. App. 1992) ................................................. 17

*Hesskew v. Tex. Dep't of Pub. Safety*,
144 S.W.3d 189 (Tex. App.—Tyler 2004, no pet.) ................................. 16

*Hughes v. State*,
24 S.W.3d 833 (Tex. Crim. App. 2000) ................................................... 18

*Kiffe v. State*,
361 S.W.3d 104 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) ........ 20

*Mireles v. Tex. Dep't of Pub. Safety*,
9 S.W.3d 128 (Tex. 1999). ......................................................................... 8

*Montanez v. State*,
211 S.W.3d 412 (Tex. App.—Waco 2006, no pet.) ................................. 17

*Palacios v. State*,
319 S.W.3d 68 (Tex. App.—San Antonio 2010, pet. ref'd) .................... 17

*Porter v. Tex. Dep't of Pub. Safety*,
  712 S.W.2d 263 (Tex. App.—San Antonio 1986, no writ)...................... 10

*Schnidt v. State*,
  357 S.W.3d 845 (Tex. App.—Eastland 2012, pet. ref'd)........................ 18

*Soliz v. State*,
  No. 13-06-00310-CR, 2007 WL 1720202
  (Tex. App.—Corpus Christi June 14, 2007, no pet.)
  (mem. op., not designated for publication)............................... 20

*State v. $217,590.00 in U.S. Currency*,
  18 S.W.3d 631 (Tex. 2000) ....................................................... 9

*State v. Garrett*,
  22 S.W.3d 650 (Tex. App.—Austin 2000, no pet.)................................. 20

*State v. McCall*,
  929 S.W.2d 601 (Tex. App.—San Antonio 1996, no pet.) ...................... 17

*Tex. Dep't of Pub. Safety v. Bond*,
  955 S.W.2d 441 (Tex. App.—Fort Worth 1997, no pet.) ....................... 10

*Tex. Dep't of Pub. Safety v. Caruana*,
  363 S.W.3d 558 (Tex. 2012) ................................................. 11

*Tex. Dep't of Pub. Safety v. Duggin*,
  962 S.W.2d 76 (Tex. App.—Houston [1st Dist.] 1997, no pet.).............. 12

*Tex. Dep't of Pub. Safety v. Gilfeather*,
  293 S.W.3d 875 (Tex. App.—Fort Worth 2009, no pet.) ...................... 20

*Tex. Dep't of Pub. Safety v. Jennings*,
  1 S.W.3d 348 (Tex. App.—Corpus Christi 1999, no pet.)........................ 8

*Tex. Dep't of Pub. Safety v. Struve*,
  79 S.W.3d 796 (Tex. App.—Corpus Christi 2002, pet. denied) ................ 8

*Vicknair v. State*,
  751 S.W.2d 180 (Tex. Crim. App. 1986) ................................... 17

**STATUTES**

TEX. GOV'T CODE ANN. ch. 2001 (Vernon 2008)
§ 2001.174 ............................................................................... 8

TEX. TRANSP. CODE ANN. ch. 524 (Vernon 2007)
§ 524.002 ................................................................................ 8
§ 524.043 ................................................................................ 8

TEX. TRANSP. CODE ANN. ch. 543 (Vernon 2011)
§ 543.001 ............................................................................... 17

TEX. TRANSP. CODE ANN. ch. 547 (Vernon 2011)
§ 547.322 ............................................................................... 16
§ 547.333 ............................................................................... 16

TEX. TRANSP. CODE ANN. ch. 724 (Vernon 2011).................................... 14
§ 724.032 ............................................................................... 10
§ 724.042 ............................................................................... 14
§ 724.047 ................................................................................ 8

**RULES**

1 TEX. ADMIN. CODE § 159.211 (2014) ....................................................... 10

37 TEX. ADMIN. CODE § 17.4 (2014) ......................................................... 10

Tex. R. Evid. 803(8) (1998, amended 2015) ...................................... 8, 10, 11

TEXAS DEPARTMENT OF PUBLIC SAFETY,
APPELLANT

V.

ARMANDO CARDENAS,
APPELLEE

**APPELLANT'S BRIEF**

The Texas Department of Public Safety, Appellant in the above referenced cause, respectfully submits this brief in appeal of a judgment rendered in favor of Appellee, Armando Cardenas. This appeal is from the County Court at Law No. 7, of Hidalgo County, Texas, the Honorable Sergio Valdez, judge presiding, in which Appellee brought a petition for judicial review of the decision issued by the State Office of Administrative Hearings, the Honorable Melissa M. Ricard, judge presiding, sustaining the Department's suspension of Appellee's driver license.

For clarity and brevity, the Appellant, Texas Department of Public Safety, will be referred to as "the Department," and the Appellee, Armando Cardenas, will be referred to as "Cardenas." The State Office of Administrative Hearings will be referred to as "SOAH." The administrative law judge will be referred to as "the ALJ," and the County Court at Law No.

1

7 will be referred to as "the trial court." Citations to the Clerk's Record will be CR at [page number]. Citations to the Reporter's Record will be RR [volume number] at [page number].

## STATEMENT OF THE CASE

This appeal comes from a contested case under the Administrative Procedure Act arising out of an administrative license suspension based on Cardenas's refusal of an alcohol concentration test. The administrative hearing was held pursuant to chapter 724 of the Transportation Code, chapter 2001 of the Government Code, and the applicable administrative rules of SOAH and the Department.[1]

The Department appeals the trial court's final order reversing the administrative decision of October 6, 2014, sustaining the Department's suspension of Cardenas's driver license. The trial court's order was signed on January 26, 2015.[2] This appeal was timely perfected on February 24, 2015.[3]

---

[1] TEX. TRANSP. CODE ANN. ch. 724 (Vernon 2011); TEX. GOV'T CODE ANN. ch. 2001 (Vernon 2008) (Administrative Procedure Act); 1 TEX. ADMIN. CODE ch. 159 (2014) (State Office of Admin. Hearings, Admin. License Suspension Hearings); 37 TEX. ADMIN. CODE ch. 17 (2014) (Texas Dep't of Pub. Safety, Admin. License Revocation).
[2] CR at 50.
[3] CR at 51.

## ISSUES PRESENTED

### ISSUE ONE

Deputy Castellano and Trooper Gonzalez filed reports in connection with Cardenas's arrest, as required by law. The reports detailed factual findings of a lawful investigation. The ALJ properly admitted the reports as exceptions to hearsay under rule 803(8) of the Texas Rules of Civil Procedure. Did the trial court err by impliedly ruling that the reports were inadmissible?

### ISSUE TWO

Cardenas was driving with a defective license plate lamp that was completely out. After he was stopped, he exhibited numerous indicators of intoxication. There was reasonable suspicion to stop his car and probable cause to believe he was driving while intoxicated. Did the trial court err by impliedly ruling that there was not reasonable suspicion or probable cause to stop or arrest Cardenas?

## STATEMENT OF FACTS

### *Cardenas's Arrest*

On Saturday, May 17, 2014, Hidalgo County Deputy Sheriff Armando Castellano conducted a traffic stop on a vehicle with a defective license plate lamp.[4]  The driver, Armando Cardenas, smelled strongly of alcohol, had slurred speech, bloodshot eyes, unsteady balance, and admitted that he had been drinking.[5]  Trooper Hector Gonzalez arrived at the scene and assisted with the investigation.[6]  Trooper Gonzalez administered the horizontal gaze nystagmus field sobriety test, and the results indicated that Cardenas was intoxicated.[7]  Cardenas refused a portable breath test, and other field sobriety tests were not conducted due to safety concerns.[8]  Cardenas was arrested for driving while intoxicated and provided with the statutory warnings.[9]  He was asked to provide a specimen of breath and refused the request.[10]

---

[4] CR at 42.
[5] CR at 42.
[6] CR at 36.
[7] CR at 37-38, 41.
[8] CR at 38.
[9] CR at 38, 44.
[10] CR at 38, 44.

## *The Administrative Hearing*

Cardenas requested a hearing to contest the suspension of his driver license based on his refusal of the breath test. At the hearing, the Department's evidence consisted of Trooper Gonzalez's report, Deputy Castellano's affidavit, and Cardenas's driving record, all of which were admitted over Cardenas's objections.[11] Cardenas did not offer any evidence in his defense.[12] After the hearing concluded, the ALJ signed an order sustaining the suspension of Cardenas's driver license for two years.[13]

## *Review by the Trial Court*

Cardenas appealed the administrative decision to the Hidalgo County Court at Law Number 7, arguing that there was no reasonable suspicion for the stop.[14] At the hearing before the trial court, Cardenas also complained that the ALJ improperly overruled his objections to the Department's exhibits.[15] After hearing the arguments of the parties, the trial court reversed the administrative decision.[16] It is from that decision the Department now appeals.

---

[11] CR at 25-28, 35-47.
[12] CR at 29.
[13] CR at 16.
[14] CR at 5-7.
[15] RR vol. 3 at 5-6, 7-9.
[16] CR at 50.

## SUMMARY OF THE ARGUMENT

The ALJ properly overruled Cardenas's objections to the Department's exhibits. Each of the Department's exhibits were admissible as exceptions to hearsay. The fact that the ALJ cited case law when explaining her rulings was not a demonstration of bias, as Cardenas argued at the trial court, but merely an attempt to educate counsel on the current state of the law. Cardenas failed to explain why *Texas Department of Public Safety vs. Caruana*, the case cited by the ALJ, was wrongly decided or inapplicable to this case. If the trial court reversed the administrative decision on the basis that the officers' reports should not have been admitted, it erred in doing so.

In addition, there was reasonable suspicion to stop Cardenas and probable cause to believe he was driving while intoxicated. Cardenas was driving with a license plate lamp that was completely out, and he exhibited numerous symptoms of intoxication. If the trial court reversed the administrative decision on the basis that Cardenas was illegally stopped or arrested, it erred in doing so.

7

## STANDARD OF REVIEW

Administrative License Revocation cases are reviewed under the substantial evidence standard of review.[17] Under a substantial evidence review, the administrative decision may not be reversed unless it prejudices the substantial rights of the appellant, and is:

(A) in violation of a constitutional or statutory provision;
(B) in excess of the agency's statutory authority;
(C) made through unlawful procedure;
(D) affected by other error of law;
(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or
(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.[18]

This case presents a question about the admissibility of documents under Texas Rule of Evidence 803(8).[19] Administrative rulings on the admission of evidence are reviewed under an abuse of discretion standard.[20] The test for abuse of discretion is whether the court's action was arbitrary or unreasonable or whether the court acted without reference to any guiding

---

[17] *See* TEX. TRANSP. CODE ANN. §§ 524.002(b), 524.043 (Vernon 2007) TEX. TRANSP. CODE ANN. § 724.047 (Vernon 2011); TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2008); *Mireles v. Tex. Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999).

[18] § 2001.174(2).

[19] *See* Tex. R. Evid. 803(8) (1998, amended 2015). A non-substantive revision of the rules became effective on April 1, 2015. *See* 2014 Texas Court Order 0016 (C.O. 0016). All references to Rule 803 will be to the version in effect at the time of Cardenas's hearing, unless otherwise noted.

[20] *Tex. Dep't of Pub. Safety v. Struve*, 79 S.W.3d 796, 802-03 (Tex. App.—Corpus Christi 2002, pet. denied); *Tex. Dep't of Pub. Safety v. Jennings*, 1 S.W.3d 348, 351 (Tex. App.—Corpus Christi 1999, no pet.).

rules and principles.[21]  The case also presents issues of reasonable suspicion and probable cause, where substantial deference is given to the findings of fact made by the administrative law judge, while the application of law to those facts is reviewed de novo.[22]

---

[21] *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).
[22] *See Fienen v. State*, 390 S.W.3d 328, 335 (Tex. Crim. App. 2012); *State v. $217,590.00 in U.S. Currency*, 18 S.W.3d 631, 632 (Tex. 2000).

## ISSUE ONE

## (Restated)

Deputy Castellano and Trooper Gonzalez filed reports in connection with Cardenas's arrest, as required by law. The reports detailed factual findings of a lawful investigation. The ALJ properly admitted the reports as exceptions to hearsay under rule 803(8) of the Texas Rules of Civil Procedure. Did the trial court err by impliedly ruling that the reports were inadmissible?

## ARGUMENT AND AUTHORITY

Deputy Castellano and Trooper Gonzalez both participated in the arrest of Cardenas. Deputy Castellano made the initial stop and Trooper Gonzalez completed the arrest.[23] Each of the officers had an obligation to report their observations to the Department of Public Safety.[24] And, each officer made a written report of his observations, which were each submitted to the Department.[25] Consequently, each report was admissible at the administrative hearing.[26]

---

[23] CR at 36, 42.

[24] *See* TEX. TRANSP. CODE ANN. § 724.032 (Vernon 2011); 37 TEX. ADMIN. CODE § 17.4 (1) (2014); *Tex. Dep't of Pub. Safety v. Bond*, 955 S.W.2d 441, 446 (Tex. App.—Fort Worth 1997, no pet.) ("The information conveyed to [the arresting officer] by [the stopping officer] concerning her observations of [the defendant's] driving and the reasons why she stopped him were made under a 'duty imposed by law as to which matters there was a duty to report.'") (quoting *Porter v. Tex. Dep't of Pub. Safety*, 712 S.W.2d 263, 264–65 (Tex. App.—San Antonio 1986, no writ)).

[25] CR at 36-41, 42.

[26] Tex. R. Evid. 803(8); 1 TEX. ADMIN. CODE § 159.211(c)(2) (2014) ("An officer's sworn report of relevant information shall be admissible as a public record.").

10

Cardenas objected to the admission of Deputy Castellano's report because it was not specifically incorporated into Trooper Gonzalez's report.[27] However, as the ALJ explained to Cardenas, the report did not have to be incorporated, because it was independently admissible.[28]

At the time of Cardenas's hearing, Rule 803(8) provided that the following were exceptions to the hearsay rule:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies setting forth:
> (A) the activities of the office or agency;
> (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding in criminal cases matters observed by police officers and other law enforcement personnel; or
> (C) in civil cases as to any party and in criminal cases as against the state, factual findings resulting from an investigation made pursuant to authority granted by law;
> unless the sources of information or other circumstances indicate lack of trustworthiness.[29]

ALR hearings are civil hearings to which the "criminal case" exceptions in Rule 803(8) do not apply.[30]

---

[27] CR at 25-26.

[28] CR at 26. *See* Tex. R. Evid. 803(8) (permitting admissibility of public records); *Tex. Dep't of Pub. Safety v. Caruana*, 363 S.W.3d 558, 561-65 (Tex. 2012) (holding that a document that meets the requirements of Rule 803(8) is admissible in an ALR hearing, regardless of its status as a "sworn report" under SOAH rules).

[29] Tex. R. Evid. 803(8).

[30] *Blankenbeker v. Tex. Dep't of Pub. Safety*, 990 S.W.2d 813, 817 (Tex. App.—Austin 1999, pet. denied) ("Those exceptions to the exception survived the combination of the civil and criminal rules of evidence, but do not apply to license suspensions, which are

11

Deputy Castellano's affidavit and Trooper Gonzalez's report each set out "matters observed pursuant to duty imposed by law as to which matters there was a duty to report," as well as "factual findings resulting from an investigation made pursuant to authority granted by law." Each document was independently admissible under Rule 803(8) and *Caruana*, regardless of whether Deputy Castellano's report was incorporated by reference into Trooper Gonzalez's report. The ALJ did not err by overruling Cardenas's objection.

In Cardenas's appeal to the trial court, he attacked the impartiality of the ALJ because she cited the *Caruana* decision when overruling his objection to the Department's exhibit.[31] However, Cardenas made no effort to explain why *Caruana* was wrongly decided or why it did not apply to his case.[32] Nor is there any legal basis for Cardenas's insinuation that the ALJ was required to wait for the Department's response before ruling on his

---

civil cases."); *Tex. Dep't of Pub. Safety v. Duggin*, 962 S.W.2d 76, 80 (Tex. App.—Houston [1st Dist.] 1997, no pet.) ("Because the [administrative law] hearing and Duggin's appeal to the county court were both civil proceedings, the civil rules of evidence apply, not the criminal rules.").

[31] RR vol. 3 at 9, 14.

[32] RR vol. 3 at 6-9, 12-14.

objection.[33]  The ALJ should not have been reversed for knowing the law or sharing that knowledge with counsel.

If the trial court reversed the ALJ because she overruled Cardenas's objection, because she explained her reasoning, or because she did not wait for a response from the Department before ruling, it erred in doing so.  This Court should reverse the trial court's decision and reinstate the administrative order sustaining the suspension of Cardenas's driver license.

---

[33] CR at 28.  RR vol. 3 at 14 ("She is the one that herself, even in the hearing, brings up the Carauna [sic] case without even the State offering it up as supporting evidence to allow the admission of the documents.").

## ISSUE TWO

### (Restated)

Cardenas was driving with a defective license plate lamp that was completely out. After he was stopped, he exhibited numerous indicators of intoxication. There was reasonable suspicion to stop his car and probable cause to believe he was driving while intoxicated. Did the trial court err by impliedly ruling that there was not reasonable suspicion or probable cause to stop or arrest Cardenas?

### ARGUMENT AND AUTHORITY

Cardenas's driver license was suspended under chapter 724 of the Transportation Code.[34] In a license suspension case under chapter 724, there are four elements that the Department must prove: (1) that there was reasonable suspicion or probable cause to stop or arrest the person; (2) that there was probable cause to believe the person was driving while intoxicated; (3) that the person was placed under arrest and requested to provide a specimen; and (4) that the person refused the request.[35]

Cardenas does not contest the third and fourth issues in this case, and there is substantial evidence in the record to support the ALJ's affirmative finding on each of those issues. Cardenas was arrested for driving while intoxicated, and he was requested to provide a breath specimen.[36] He

---

[34] *See* TEX. TRANSP. CODE ANN. ch. 724 (Vernon 2011).
[35] *See* TEX. TRANSP. CODE ANN. § 724.042 (Vernon 2011).
[36] CR at 38, 44.

14

refused that request, and signed the statutory warning, acknowledging his refusal.[37] Thus, the third and fourth issues were satisfied.

Apart from the admissibility of the Department's exhibits, addressed in Issue One, the contested issues in this case are whether there was reasonable suspicion to stop Cardenas and probable cause to believe he was driving while intoxicated. There was reasonable suspicion to stop Cardenas for committing a traffic offense and numerous indicators suggested that he was driving while intoxicated. The trial court erred if it impliedly reversed the ALJ on either of these grounds.

### *Reasonable Suspicion to Stop Cardenas*

The ALJ did not err in finding that there was reasonable suspicion to stop Cardenas for failing to dim his headlamps and for driving with a broken license plate lamp.[38] According to Deputy Castellano's affidavit, he was on patrol at FM 2221 and Bentsen Palm Drive, and Cardenas's high beam headlights were blinding his vision.[39] Then Deputy Castellano saw Cardenas's license plate lamp was out after Cardenas passed through the intersection.[40] Given these facts, the ALJ could draw a reasonable inference

---

[37] CR at 44.
[38] CR at 16.
[39] CR at 42.
[40] CR at 42.

that Deputy Castellano was in an oncoming vehicle, and Cardenas failed to dim his headlights as their two vehicles passed each other, in violation of section 547.333(c)(1)(B) of the Transportation Code.[41]

Deputy Castellano also had reasonable suspicion to stop Cardenas for driving with a defective license plate lamp. Regardless of whether or not Cardenas's failure to dim his headlights constituted a traffic violation, Deputy Castellano saw that Cardenas had a defective license plate lamp before initiating the traffic stop.[42] Thus, each violation presented an independent basis for the stop.

Section 547.322 of the Transportation Code requires vehicles to have a "taillamp or a separate lamp . . . constructed and mounted to emit a white light that: (1) illuminates the rear license plate; and (2) makes the plate clearly legible at a distance of 50 feet from the rear."[43] Failure to display the

---

[41] *See* TEX. TRANSP. CODE ANN. § 547.333 (Vernon 2011); *Hesskew v. Tex. Dep't of Pub. Safety*, 144 S.W.3d 189, 192 (Tex. App.—Tyler 2004, no pet.) ("Sworn affidavits of law enforcement officers must be viewed by the courts in a common sense, not hyper-technical, fashion. Courts are permitted to draw reasonable inferences from the facts supporting a law enforcement officer's sworn statements.") (citations omitted).
[42] CR at 42 ("I observed the vehicle's rear license plate light was defective. I then conducted a traffic stop on the vehicle with my duty patrol unit.").
[43] TEX. TRANSP. CODE ANN. § 547.322(f) (Vernon 2011).

16

statutorily required lighting is a traffic offense, for which a vehicle may be stopped and the driver arrested.[44]

Deputy Castellano described Cardenas's license plate lamp as "defective."[45] Trooper Gonzalez expanded upon Deputy Castellano's description, reporting that he "observed the rear license plate lamps of the black Impala were completely out and not working."[46] Thus, there was reasonable suspicion for the stop.[47]

In his petition to the trial court, Cardenas argued that his case presented a "mere equipment violation," controlled by *Vicknair v. State*, 751 S.W.2d 180 (Tex. Crim. App. 1986).[48] However, *Vicknair* is easily distinguished. In that case, the Court of Criminal Appeals held that, as long as the cracked lens at issue continued to emit a red light in compliance with statutory requirements, there was no traffic violation.[49] On the other hand, the *Vicknair* court specifically acknowledged that, if the lens failed to emit

---

[44] TEX. TRANSP. CODE ANN. § 543.001 (Vernon 2011); *see also Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); *Ford v. State*, 26 S.W.3d 669, 673 (Tex. App.—Corpus Christi 2000, no pet.).

[45] CR at 42.

[46] CR at 37.

[47] *Palacios v. State*, 319 S.W.3d 68, 72-73 (Tex. App.—San Antonio 2010, pet. ref'd); *Montanez v. State*, 211 S.W.3d 412, 415 (Tex. App.—Waco 2006, no pet.); *State v. McCall*, 929 S.W.2d 601, 603 (Tex. App.—San Antonio 1996, no pet.).

[48] CR at 6.

[49] *Vicknair v. State*, 751 S.W.2d 180, 189 (Tex. Crim. App. 1986) ("If the tail light lens became fractured after inspection, but never degenerated to the point of either being a safety hazard or violating the standards of Art. XIV, the driver of the vehicle would be free from arrest.").

17

the required red light, there would be reasonable suspicion to stop the vehicle:

> Arguably, such a motor vehicle could be legally driven until the tail light degenerated to the point that it did not meet the standards of Art. XIV, § 111, i.e., failure to emit a red light for a distance of 1,000 feet, or until it violated Art. XV, i.e., driving a motor vehicle without a valid inspection sticker, *whichever came earlier*.[50]

In the present case, Cardenas's license plate lamp had completely failed, so *Vicknair* does not apply, and there was reasonable suspicion to stop his car. If the trial court reversed the administrative decision because it believed there was not reasonable suspicion for the stop, it erred in doing so.

### *Probable Cause to Believe Cardenas Was Driving While Intoxicated*

The ALJ did not err in finding that there was probable cause to believe Cardenas was driving while intoxicated.[51]  "Probable cause requires more than mere suspicion but far less evidence than that needed to support a conviction or even that needed to support a finding by a preponderance of the evidence."[52]  Probable cause exists when "the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent man in believing

---

[50] *Id*. (emphasis added).

[51] CR at 16.

[52] *Hughes v. State*, 24 S.W.3d 833, 838 (Tex. Crim. App. 2000); *accord Schnidt v. State*, 357 S.W.3d 845, 854 (Tex. App.—Eastland 2012, pet. ref'd).

18

that the person arrested had committed or was committing an offense."[53] In this case, Trooper Gonzalez had more than mere suspicion that Cardenas had been driving while intoxicated. The facts and circumstances within Trooper Gonzalez's knowledge were sufficient to lead a prudent person to believe that Cardenas had been driving while intoxicated.

Cardenas had a strong odor of alcohol on his breath, slurred speech, bloodshot eyes, and unsteady balance.[54] He told Deputy Castellano that he had one beer and contradicted himself by telling Trooper Gonzalez that he had two beers.[55] Cardenas had six of six clues on the horizontal gaze nystagmus test and refused a portable breath test.[56] Other field sobriety tests were not attempted due to safety concerns.[57]

Cardenas's case is almost identical to another in which this Court found there was probable cause to believe a person was driving while intoxicated. In *Soliz v. State*, "Trooper Mingst testified that he witnessed four signs of appellant's intoxication: (1) appellant smelled of alcohol, (2) appellant admitted to consuming alcohol, (3) appellant showed six of six clues on the HGN test, and (4) the PBT showed that appellant's blood

---

[53] *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009).
[54] CR at 37, 42.
[55] CR at 37, 42.
[56] CR at 37-38.
[57] CR at 38.

alcohol concentration was above 0.08."[58]  In the present case, Cardenas had even more traditional symptoms of intoxication, including bloodshot eyes, slurred speech, and unsteady balance.[59]  And Cardenas's refusal of the portable breath test can also be considered as part of the probable cause analysis.[60]  Considering the totality of the circumstances, there was probable cause to believe Cardenas had been driving while intoxicated.  The trial court erred if it reversed the administrative decision on this ground.

There is substantial evidence in the record to support the ALJ's affirmative findings on each of the four elements the Department was required to prove in this ALR breath test refusal case.  There was reasonable suspicion to stop Cardenas for a traffic violation and probable cause to believe he had been driving while intoxicated based on numerous symptoms of intoxication, in addition to the facts that he failed one field sobriety test

---

[58] *Soliz v. State*, No. 13-06-00310-CR, 2007 WL 1720202, at *3 (Tex. App.—Corpus Christi June 14, 2007, no pet.) (mem. op., not designated for publication).

[59] *Cotton v. State*, 686 S.W.2d 140, 142 n.3 (Tex. Crim. App. 1985); *Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) ("A lack of balance and slurred speech can prove intoxication."); *Tex. Dep't of Pub. Safety v. Gilfeather*, 293 S.W.3d 875, 880 (Tex. App.—Fort Worth 2009, no pet.) ("Bloodshot eyes, an odor of alcohol on a person's breath, and unsteady balance are all classic symptoms of intoxication.").

[60] *Gilfeather*, 293 S.W.3d at 880 ("[T]his court and numerous other courts of appeals have held that the refusal to participate in field sobriety tests is a factor to be considered in the totality of the circumstances."); *State v. Garrett*, 22 S.W.3d 650, 655 (Tex. App.—Austin 2000, no pet.) ("[W]here many of the missing factors are due to a defendant's conduct, we believe that the officers could reasonably consider that conduct as part of the totality of the circumstances.").

20

and refused another. And it is undisputed that Cardenas was arrested and requested to provide a breath specimen and that he refused that request. If the trial court reversed the administrative decision on any basis other than the evidentiary ruling addressed in Issue One, above, it erred in doing so. This Court should reverse the trial court and reinstate the administrative decision, sustaining the suspension of Cardenas's driver license.

## CONCLUSION

The ALJ properly admitted both Deputy Castellano's affidavit and Trooper Gonzalez's report as exceptions to hearsay. Both documents were public records on file with the Texas Department of Public Safety, pursuant to a duty imposed by law. And both documents set out factual findings of an investigation made pursuant to authority granted by law. The ALJ correctly overruled Cardenas's objections and was under no obligation to wait for the Department's response before doing so. If the trial court reversed the ALJ on this ground, it erred in doing so.

The Department also proved each of the elements required to sustain a suspension of Cardenas's driver license. There was reasonable suspicion to stop Cardenas based on a traffic violation, because his license plate lamp was completely out. There was also probable cause to believe Cardenas was driving while intoxicated based on the number of symptoms of intoxication he exhibited, as well as the facts that he failed one field sobriety test and refused another. Finally, Cardenas was arrested and asked to provide a breath specimen and he refused that request. Since the Department proved all of the required elements, the trial court erred by reversing the administrative decision. This Court should reverse the trial court and reinstate the administrative suspension of Cardenas's driver license.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Department respectfully prays that this Honorable Court reverse the order of the County Court at Law No. 7 and affirm the administrative order of October 6, 2014, sustaining the Department's suspension of Cardenas's driver license. The Department further prays that it recover the costs of this appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 8.02 (Vernon 2002).

Respectfully Submitted,

*/s/    Kevin M. Givens*

KEVIN M. GIVENS
Supervising Attorney,
ALR Appellate Section
SBN 00796633
P.O. Box 15327
Austin, Texas 78761-5327
Tel:  (512) 424-5193
Fax:  (512) 424-5221
Kevin.Givens@dps.texas.gov

ATTORNEY FOR APPELLANT
TEXAS DEP'T OF PUB. SAFETY

**CERTIFICATE OF COMPLIANCE**

I certify that this document was prepared with Microsoft Word, and that, according to that program's word-count function, the sections covered by Texas Rule of Appellate Procedure 9.4(i)(1) contain 3782 words.

Respectfully Submitted,

/s/   *Kevin M. Givens*

KEVIN M. GIVENS

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of the above and foregoing Appellant's Reply Brief by email, per Tex. R. App. P. 9.5(b)(1), to Sergio Munoz, Jr., counsel of record for Appellee, Armando Cardenas, at Sergio@sergiomunozjr.com, on April 27, 2015.

Respectfully Submitted,

/s/   *Kevin M. Givens*

KEVIN M. GIVENS

# INDEX OF APPENDICES

TAB A
>    Order of January 26, 2015, County Court at Law No. 7,
>        Honorable Sergio Valdez, presiding.

TAB B
>    Administrative Decision of October 6, 2014,
>        Honorable Melissa M. Ricard, presiding.

# TAB A

Electronically Submitted
1/16/2015 3:22:48 PM
Hidalgo County Clerks Office

CAUSE NO.: CL-14-3936-G

| | | |
|---|---|---|
| ARMANDO CARDENAS<br>    Appellant | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| VS. | § | AT LAW NUMBER SEVEN (7) |
| | § | |
| | § | |
| TEXAS DEPARTMENT OF<br>PUBLIC SAFETY | § | |
| | § | |
|     Appellee | § | HIDALGO COUNTY, TEXAS |

## ORDER

On this day, came to be heard Appellant's Petition for Judicial Review in the above-numbered and styled cause.

The case was called for argument without objection by the parties. The Appellant appeared by attorney and announced ready for argument. The Department appeared by the Attorney for the Department. The Court, having reviewed the administrative record, the Appellant's and Department's Position Statements, and arguments of the parties, has determined that the Administrative Decision dated October 6, 2014 is hereby reversed, and that the administrative order authorizing the Texas Department of Public Safety to suspend Appellant's license, permit, or privilege to drive is VACATED.

The Administrative Decision violated one or more of the provisions set forth in Texas Government Code § 2001.174.

Signed on _____1/26/2015_____

_____
JUDGE PRESIDING

**COPIES TO:**

| | | |
|---|---|---|
| SERGIO MUÑOZ, JR. | EMAIL: SERGIO@SERGIOMUNOZJR.COM | FAX: 956.381.5563 |
| LAURA GARZA CUELLAR | EMAIL: LAURA.GARZA@DPS.TEXAS.GOV | FAX: 956.565.7133 |

50

# TAB B

| | | |
|---|---|---|
| TEXAS DEPARTMENT OF PUBLIC SAFETY | § | BEFORE THE STATE OFFICE |
| | § | |
| V. | § | OF |
| | § | |
| | § | |
| ARMANDO CARDENAS | § | ADMINISTRATIVE HEARINGS |
| Defendant | | |

## ADMINISTRATIVE DECISION

On October 2, 2014, the Defendant appeared personally or through counsel and announced ready. The Department appeared through its attorney or representative and announced ready. Having heard and considered the evidence, the Administrative Law Judge finds that the State Office of Administrative Hearings has jurisdiction over this cause and further finds the facts below:

## FINDINGS OF FACT

1. On May 17, 2014, at approximately 10:27 p.m., reasonable suspicion to stop Defendant existed, in that a Texas peace officer within his jurisdiction observed Defendant operating a motor vehicle in a public place in Texas. The officer observed Defendant fail to dim high beams when approaching another vehicle and observed that Defendant's rear license plate lamp was inoperable.

2. On the same date, probable cause to arrest Defendant existed; in that probable cause existed to believe that Defendant was operating a motor vehicle in a public place while intoxicated, because in addition to the facts in No. 1, a Texas peace officer observed Defendant had a strong odor of alcohol, slurred speech, and bloodshot eyes. Defendant displayed 6 of 6 clues of intoxication on the Horizontal Gaze Nystagmus evaluation.

3. Defendant was placed under arrest and was properly asked to submit a specimen of breath or blood.

4. After being requested to submit a specimen of breath or blood, Defendant refused.

5. Defendant has had one or more alcohol or drug related enforcement contacts during the ten years preceding the date of Defendant's arrest as is indicated on Defendant's driving record.

## CONCLUSIONS OF LAW

Based on the foregoing, the Judge concludes the Department proved the issues set out in Tex. Transp. Code § 724.042 and that Defendant's license is subject to a suspension for **two years** pursuant to Tex. Transp. Code § 724.035.

In accordance with the above findings and conclusions, the Judge hereby enters the following order:

## ORDER

The Department is authorized to suspend or deny Defendant's driving privileges for the period indicated above.

This decision may be appealed pursuant to Tex. Transp. Code §524.041 And 1 Tex. Admin. Code §159.255.

Signed this ⏀ᵗʰ day of October, 2014.

MELISSA M. RICARD
ADMINISTRATIVE LAW JUDGE
STATE OFFICE OF ADMINISTRATIVE HEARINGS

16