COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TEXAS DEPARTMENT OF PUBLIC SAFETY, | § | No. 08-08-00040-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | County Court at Law No. 2 |
| | § | |
| TONY WILLIAMS, | | of Collin County, Texas |
| | § | |
| Appellee. | | (TC#2-2926-07) |
| | § | |

**O P I N I O N**

This appeal arises from the County Court at Law No. 2 in Collin County reinstating Appellee Tony Williams' driver's license. Because we find that there was substantial evidence to support the administrative law judge's findings, we reverse the judgment of the district court.

**I.  SUMMARY OF THE EVIDENCE**

On May 16, 2007, Officer R. Myers of the Lavon, Texas Police Department wrote a "Narrative Report" which indicated that on May 8, 2007, he followed Appellee Williams' red Chevrolet Blazer when his radar indicated that the vehicle was traveling eighty-four mile-per-hour in a sixty miles-per-hour speed zone. The vehicle veered back and forth in the lane several times; Officer Myers stopped the vehicle.

An odor of alcohol emanated from inside the car, and Williams' eyes were bloodshot and glassy, and his speech was slurred. Williams told the officer that he had consumed about six beers less than fifteen minutes before. When asked to exit his car for field-sobriety testing, Williams stumbled. He was unable to complete the one-leg-stand test, and he exhibited six clues of intoxication on the walk-and-turn test. He also displayed clues of intoxication on the horizontal gaze

nystagmus test and the vertical nystagmus test. Officer Myers arrested Williams who then became very upset and belligerent. The officer read Williams the statutory warnings and requested a breath specimen from Williams–the request was refused.

Williams requested a hearing to contest the suspension of his driver's license. At the administrative hearing, Officer Myers testified under oath regarding the efficacy of the radar. Appellant Texas Department of Public Safety then offered DPS Exhibit Number 1 into evidence. Williams objected on the ground the attached reports were improperly incorporated and were unsworn in that the primary document referred to an offense report and the attached reports were called by other names. The objection was overruled. Officer Myers then testified that he was properly certified in the administration of field-sobriety tests. He stated that when he stopped Williams, his eyes were bloodshot and glassy, and his speech was slightly slurred. He noticed an odor of alcohol emanating from the vehicle. Williams did not cross-examine Myers and he presented no evidence of his own. At the conclusion of the hearing, the administrative law judge issued an order sustaining the suspension of Williams' driver's license.

Williams appealed the administrative decision to the County Court at Law No. 2 of Colin County. He again objected that Officer Myers' report was not properly sworn, and was not properly incorporated. The trial court ruled that the report was required to be sworn to be admissible at the administrative hearing, and that the officer's narrative report was not properly incorporated into the sworn portion of his report. Accordingly, the trial court reversed the administrative decision.

## II. DISCUSSION

In three issues, DPS argues that Officer Myers' narrative report satisfied the requirements of the Transportation Code and was admissible under the evidentiary and administrative rules, the narrative report was either expressly or implicitly incorporated into his report, and there is substantial

evidence in the record to support the administrative findings and to sustain the suspension of Williams' driver's license. On appeal, a court reviews administrative decisions regarding the suspension of a driver's license utilizing the substantial evidence standard of review. *See* TEX. TRANSP. CODE ANN. § 524.041 (Vernon 2007); TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2008). Under this review, the administrative decision is presumed to be correct, and the burden is on the appellant to demonstrate that there is no reasonable basis for the administrative action. *See City of El Paso v. Pub. Util. Comm'n,* 883 S.W.2d 179, 185 (Tex. 1994). Any evidentiary ambiguities should be resolved in favor of the administrative order with a finding of substantial evidence to support the administrative law judge's decision. *Tex. Dep't of Pub. Safety v. Pruitt*, 75 S.W.3d 634, 639 (Tex. App.–San Antonio 2002, no pet.). The burden for overturning an agency ruling is formidable. *Tex. Dep't of Pub. Safety v. Pucek*, 22 S.W.3d 63, 67 (Tex. App.–Corpus Christi 2000, no pet.). We review an agency's rulings on the admission or exclusion of evidence under the abuse of discretion standard we apply to trial courts. *City of Amarillo v. Railroad Comm'n*, 894 S.W.2d 491, 495 (Tex. App.–Austin 1995, writ denied). A court abuses its discretion if it acts without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985).

With regard to the second issue that the narrative report was either expressly or impliedly incorporated into a sworn report, we note that an unsigned document may be incorporated by reference into a signed document. *Castroville Airport, Inc. v. City of Castroville,* 974 S.W.2d 207, 211 (Tex. App.–San Antonio 1998, no pet.). No specific words are required to incorporate a document as long as the signed document plainly refers to another document. *See In re C & H News Co.,* 133 S.W.3d 642, 645 (Tex. App.–Corpus Christi 2003, no pet.).

In the present case, the initial sworn document, entitled the DIC-23 form, incorporated the

"offense report, DIC 23, 24, 25, book-in report." The reports were listed as being 21 pages. It is clear that the narrative report attached to the DIC-23 form is part of the "offense report" that the officer sought to incorporate.

Even if this were not the case, a document may be incorporated by implication, without any specific words of incorporation. *See Barnes v. State,* 876 S.W.2d 316, 327-28 (Tex. Crim. App. 1994). In this case, the narrative report is implicitly incorporated as it was submitted with the DIC-23 form and it plainly is a continuation of the DIC-23 form. That form was sworn to on May 9, 2007, and the narrative report indicates that Williams was arrested around midnight on May 8, 2007. All the forms clearly reference these times and dates. The arrest and booking pages show Williams was booked into jail at 3:05 a.m. on May 9, 2007. Further, Officer Myers' name and Williams' name appear throughout the documents. We find that the narrative report was impliedly incorporated into the sworn document. *See Barnes,* 876 S.W.2d at 328. Issue Two is sustained.

In Issue Three, DPS maintains that there is substantial evidence in the record to support the administrative findings and sustain the suspension of Williams' driver's license. The issues at the administrative hearing are whether:

(1) reasonable suspicion or probable cause existed to stop or arrest the person;
(2) probable cause existed to believe that the person was operating a motor vehicle in a public place while intoxicated;
(3) the person was placed under arrest by the officer and was requested to submit to the taking of a specimen; and
(4) the person refused to submit to the taking of a specimen on request of the officer.

*Pruitt,* 75 S.W.3d at 638.

We find that there is substantial evidence in the record to support each of these requirements. It is clear that Williams was speeding and veering back and forth which allowed for his detention. *See Chapnick v. State*, 25 S.W.3d 875, 877 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd). The

evidence clearly established that Williams was intoxicated to establish probable cause that he was operating a motor vehicle while intoxicated. He was arrested, and he refused to submit to the taking of a specimen on request of the officer. Accordingly, there was sufficient evidence for the administrative judge to uphold the suspension of Williams' driver's license. Issue Three is sustained.

In light of the foregoing discussion, we find it unnecessary to respond to Issue One.

### III. CONCLUSION

We reverse the trial court's order and render judgment reinstating the administrative judge's order authorizing the suspension of Williams' driver's license.


GUADALUPE RIVERA, Justice

December 23, 2009

Before Chew, C.J., McClure, and Rivera, JJ.